HARMEET K. DHILLON (SBN 207873)
MICHAEL A. COLUMBO (SBN 271283)
**DHILLON LAW GROUP INC.**
177 Post Street, Suite 700
San Francisco, CA 94108
Telephone: (415) 433-1700
Email: Harmeet@DhillonLaw.com
       MColumbo@DhillonLaw.com

MARK TRAMMELL*
JOSHUA W. DIXON (*Pro hac vice*)
ERIC A. SELL (*Pro hac vice*)
**CENTER FOR AMERICAN LIBERTY**
1311 South Main Street, Suite 302
Mount Airy, MD 21771
Telephone: (703) 687-6200
Email: MTrammell@LibertyCenter.org
       JDixon@LibertyCenter.org
       ESell@LibertyCenter.org

Attorneys for Plaintiff
AURORA REGINO
* *Pro hac vice* motion forthcoming

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURORA REGINO,<br><br>Plaintiff,<br><br>vs.<br><br>SUPERINTENDENT KELLY STALEY, in her official capacity; CAITLYN DALBY, in her official capacity; REBECCA KONKIN, in her official capacity; TOM LANDO, in his official capacity; EILEEN ROBINSON, in her official capacity; and MATT TENNIS, in his official capacity,<br><br>Defendants. | Case No.: 2:23-cv-00032-JAM-DMC<br><br>**PLAINTIFF'S OPPOSITION TO PROPOSED-DEFENDANT-INTERVENOR GSA NETWORK'S MOTION TO INTERVENE**<br><br>Date: March 28, 2023<br>Time: 1:30 p.m.<br>Courtroom: 6, 14th Floor<br>Judge: Hon. John A. Mendez<br><br>Complaint Filed: January 6, 2023<br>Trial Date: Not Yet Set |

1

# INTRODUCTION

The Court should deny the Motion to Intervene filed by proposed intervenor GSA Network (hereinafter "GSA"). Merely being an advocate on a topic related to the subject matter of a case does not make one entitled to be a party in that case. Likewise, simply adding more legal muscle to the defense of the District's policies is also not an adequate reason for granting intervention. But these tenuous arguments are all that GSA can muster to justify becoming a party to this case. This is woefully insufficient.

GSA, which purports to be an advocacy organization for LGBTQ+ causes, has no relation to this case. It does not claim it had any involvement in the facts that are at issue. It does not claim that it participated in the drafting, adoption, or enforcement of any of the Chico Unified School District (hereinafter the "District") policies at issue in the litigation, including the policy (the "Parental Secrecy Policy" or the "Policy") under which the District socially transitioned A.S., a child in the sixth grade, from a girl to a boy while concealing that fact from her mother (Plaintiff Aurora Regino). Thus, GSA's interest here is merely political. GSA should not be permitted to intervene in a case it has nothing to do with.

Moreover, the District has already indicated its intent to vigorously defend the constitutionality of the Policy. Because the District will defend the policy, motivated by its interests in defending its own actions and, potentially, avoiding liability by District personnel, the District adequately represent any tenuous interest GSA claims as its motivation for joining this lawsuit. Because GSA was not involved with the underlying facts or the District's adoption or implementation of the Policy, GSA is not in a better position than the District to defend the Policy's constitutionality. In sum, GSA will add nothing to this inquiry.

Further, even if the Policy is held unconstitutional, GSA's rights as an advocacy organization would not be affected. A finding that the District's Policy violates Ms. Regino's rights would apply only to the District. Intervention would, however, place a heavy additional burden on Ms. Regino, forcing her to duplicate efforts at every step of the case, including litigating motions and conducting discovery in a matter solely concerned with the District's Policy.

2

PLAINTIFF'S OPPOSITION TO GSA NETWORK'S  Case No.: 2:23-cv-00032-JAM-DMC
MOTION TO INTERVENE

For these reasons, which are discussed in more detail below, the Court should deny GSA's Motion to Intervene.

**LEGAL STANDARD**

"The Ninth Circuit applies a four-part test in evaluating a motion for intervention as of right pursuant to Federal Rule of Civil Procedure 24(a): (1) the application for intervention must be timely; (2) the applicant must have a 'significantly protectable' interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit." *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001). The movant must establish each of these requirements before an intervention of right can be allowed. *NAACP v. New York*, 413 U.S. 345, 369 (1973); *League of United Latin American Citizens v. Wilson,* 131 F.3d 1297, 1302 (9th Cir.1997); *Associated Gen. Contractors of Am. v. California Dep't of Transp*, No. 09-01622, 2009 WL 5206722, at *1 (E.D. Cal. Dec. 23, 2009).

A court may allow *permissive* intervention on a timely motion to anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In considering whether to allow permissive intervention, a district court should consider whether there is "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011) (internal quotation marks omitted).

"Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *Donnelly v. Glickman* 159 F.3d 405, 412 (9th Cir. 1998) (citing *Orange v. Air Cal.,* 799 F.2d 535, 539 (9th Cir.1986)). There are at least eight relevant factors the district court must consider when making its discretionary decision. *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977). The relevant discretionary factors include: (1) the nature and extent of the intervenors' interest, (2) their standing to raise

legal issues, (3) the legal position they seek to advance, (4) that legal position's probable relation to the merits of the case, (5) changes that have occurred in the litigation, (6) whether the intervenor's interests are adequately represented by other parties, (7) whether intervention will prolong or unduly delay the litigation, and (8) whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented. *Id.* at 1329. These factors are "nonexclusive." *Mineworkers' Pension Scheme v. First Solar Inc.*, 722 F. App'x 644, 646 (9th Cir. 2018). In addition, the court must "consider whether the intervention will unduly… prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

## ARGUMENT

### I.   GSA HAS NO RIGHT TO INTERVENE IN THIS CASE

GSA's motion to intervene as of right should be denied because it has not met the requirements of the four-part test set forth by the Ninth Circuit.

#### A. GSA does not have a legally cognizable interest in this action.

This action challenges a Policy adopted by the District under which schools in the District will (1) socially transition students who express a desire to live as a gender different from that associated with their biological sex while (2) keeping the social transitioning secret from their parents unless the student specifically authorizes the school to inform them. (Compl. (Dkt. 1) ¶ 2.) The question before the Court is whether the Policy violates the constitutional rights of parents with children who attend school in the District. (*Id.* ¶ 7.) That is a narrow question that concerns the constitutional rights of parents. GSA has no legally protected interest in this action.

Ms. Regino seeks injunctive relief. In that context, "[a]n applicant demonstrates a 'significantly protectable interest' when 'the injunctive relief sought by the plaintiffs will have direct, immediate, and harmful effects upon a third party's legally protectable interests.'" *Sw. Ctr. for Biological Diversity* 268 F.3d at 818 (citing *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489 (9th Cir. 1995), *abrogated on other grounds by Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011)). GSA has no legally protectable interest that can be identified—it claims only an interest in advocating for the interests of others.

GSA makes two ancillary arguments. First, GSA argues that, because it supported legislation that is *not* challenged in this case—AB 1266—it somehow has the right to intervene to defend the District's policy. Mot. (Dkt. 22) at 7:22-8:4. But because AB 1266 is not being challenged, (*see* Compl. at ¶ 47), GSA does not have a protectable interest based on its role as a supporter of AB 1266. *Cf. Sierra Club v. U.S. Envtl. Prot. Agency*, 995 F.2d 1478, 1484 (9th Cir. 1993) (observing that even legislators do not have legally protectable interests in challenging or defending legislation sufficient to support intervention as a matter of right in the absence of some sort of actual persona injury); *Newdow v. U.S. Congress*, 313 F.3d 495, 498-500 (9th Cir. 2002) (observing that the interest of an individual legislator is an injury shared with any other citizen and not sufficient to show that the legislator has sustained or is imminently in danger of sustaining any personal injury).

Second, GSA argues, without authority, that if the Court finds that the District's policy violates parental rights, it has the right to intervene because that finding could, theoretically, have a chilling effect on student clubs that have registered with GSA. (Mot. (Dkt. 22) at 8:5-9:4.) This argument should be rejected because even if the Policy is found unconstitutional, such a holding would not impact GSA's ability to run local chapters, continue the same level of advocacy it currently engages in, or prohibit any student within the District from joining a GSA chapter.

Thus, GSA has not met its burden of showing that it has a protectable interest related to this action, therefore its motion to intervene as a matter of right should be denied.

### B. This action does not impair GSA's ability to protect its interests.

GSA makes no argument that the disposition of the action might impair its ability to protect any legally cognizable interest it might have. GSA only argues, without authority, that it has a right to intervene because if the Court finds that the District's Policy violates parental rights, it could have a chilling effect on student clubs that have registered with the GSA, thus impeding GSA's mission. (Mot. at 8:5-9:4.) Accordingly, it makes no argument that this action impedes its ability to protect any interest that it possesses. Simply put, GSA is not a party that would be "substantially affected in a practical sense by the determination" made in this action. *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d at 822.

5

GSA can and will continue to advocate for its chosen causes, regardless of the outcome of this case. Ms. Regino has not sued to enjoin GSA from furthering its mission. It seeks an order vindicating Ms. Regino's constitutional rights. (Compl. ¶¶ 56-75.) And GSA even admits that it can accomplish its mission regardless of whether the District's policy remains in effect because it can "shift its model." (Mot. at 9:3-4.)

Therefore, GSA 's motion to intervene as a matter of right should be denied because it has failed to meet its requirement to demonstrate a possibility of impediment to its ability to protect any interest it possesses that could be affected by this action.

### C. The District adequately represents the interest GSA seeks to protect.

"To evaluate adequacy of representation, courts consider three factors: '(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.'" *W. Watersheds Project v. Haaland*, 22 F.4th 828, 840-41 (9th Cir. 2022) (internal citations omitted).

When parties share the same "ultimate objective," there is a presumption that one adequately represents the interests of the other that can only be defeated by a "compelling showing." *Id.* at 841; *see also Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) ("When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises"). The standard is whether the proposed intervenor has "interests unique to their members and divergent from those of [the Defendant]." *United States v. California*, No. 2:18-cv-490-JAM-KJN, 2018 WL 2688129 (E.D. Cal. June 5, 2018) (citing *Arakaki*, 324 F.3d at 1086 ("[T]he most important factor in determining the adequacy of representation is how the interest compares with the interests of existing parties").

"In particular, unless there is a 'very compelling showing to the contrary, it will be presumed that a [public entity] adequately represents its citizens when the applicant shares the same interest.'" *Pickup v. Brown*, No. 2:12-cv-02497-KJM, 2012 WL 6024387, at *2 (E.D. Cal. Dec. 4, 2012) (citations omitted). "[D]ifferences in strategy are not enough to allow intervention

6

PLAINTIFF'S OPPOSITION TO GSA NETWORK'S   Case No.: 2:23-cv-00032-JAM-DMC
MOTION TO INTERVENE

as of right." *Id.* (citing *United States v. City of Los Angeles*, 288 F.3d 391, 402-03 (9th Cir. 2002)). "A strategic difference includes when an existing party does not make a particular argument that the proposed intervenor wishes to make." *Id.* Where "both the intervenors and the government defendants are aligned" it can be presumed "the government defendants will adequately represent Proposed Intervenors' interests." *Valley View Health Care, Inc. v. Chapman*, No. 1:13-cv-0035-LJO-BAM, 2013 WL 4541602, at *7 (E.D. Cal. Aug. 27, 2013). !

As discussed above, GSA has no legally cognizable interest in this action. The District has an interest in defending the constitutionality of the Policy. And the District has already demonstrated a capability and willingness to do so. (Defs.' Opp'n. (Dkt. 21) at 12-20.) GSA has not identified any elements that it can add to the question of whether the Policy violates the constitutional rights of parents.

\* \* \*

The Court should deny GSA's motion to intervene as of right because the second, third and fourth requirements have not been met. Even if GSA met all but one of these requirements, it would have no right to intervene, as it bears the burden of showing each requirement has been met.

### II.   GSA SHOULD NOT BE PERMITTED TO INTERVENE IN THIS CASE

GSA's motion for permissive intervention should be denied because the threshold requirements have not been met and all discretionary factors weigh against allowing GSA to participate in this case.

#### A.  GSA has not met the required threshold factors.

As a threshold matter, permissive intervention requires "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Beckman Indus., Inc. v. International Ins. Co.,* 966 F.2d 470, 473 (9th Cir.), *cert. denied,* 506 U.S. 868 (1992). The parties agree that the independent jurisdictional grounds requirement does not apply to this case, and Ms. Regino takes no position on whether the motion to intervene is timely. There is, however, no common question of law or fact because GSA's stated reason for intervention "[does] not relate to the subject matter of the action . . . before the district court." *Greene v. United States*, 996 F.2d 973, 978 (9th Cir.

1993). There is also no common question because there is "no common factual proof." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998).

GSA's defenses do not share common issues of law and fact with this case and allowing it to intervene would enlarge the issues in the litigation. This case is about whether the District's Parental Secrecy Policy violates the constitutional rights of parents, like Ms. Regino. GSA wants to make this case about whether the constitution *requires* a school district to enact a parental secrecy policy. (*See* Mot. at 11:17-20.) Not only should the Court recognize that argument as constitutionally meritless, but it should also reject it as uncommon to this case and likely to enlarge the issues in the litigation.

If this Court finds that GSA's defenses do not share common issues of law and fact, or that intervention would enlarge the issues in the litigation, then it can stop its analysis here and deny GSA's motion for permissive intervention for failing to meet the threshold requirements.

### B. The discretionary factors weigh strongly against intervention.

Even if GSA had satisfied its burden of demonstrating the threshold requirements (and it did not), it cannot satisfy its burden of demonstrating the discretionary factors weigh in its favor. *See, e.g., Republican National Committee v Newsom*, No. 20cv01055-MCE-CKD, 2020 WL 3430243 at *2. (E.D. Cal. June 23, 2020) (denying intervention when "the discretionary factors weigh against [it]"). In fact, the opposite is true: these factors weigh strongly against intervention.

GSA has no interest in whether Ms. Regino's rights were violated. Indeed, that is not "why" they seek to intervene. See *Mineworkers' Pension Scheme*, *supra*, 722 F. App'x at 646 (holding that consideration of why movants sought intervention bears precisely on this factor). The nature and extent of GSA's interest is tangential. GSA is a private advocacy organization, it is not a public school, a student, nor a parent of a student. Therefore, the first discretionary factor weighs against permissive intervention.

GSA has no independent standing related to the issues presented in the case because it cannot show any danger of injury in fact to their own legal interests. This inquiry, like the standing inquiry in another context, "differentiates a person with a direct stake in the actual outcome of the particular litigation, however small that stake may be, from a person merely concerned with the

legal issues raised." *Boating Indus. Ass'n v. Marshall*, 601 F.2d 1376, 1380 (9th Cir. 1979). "The latter has no standing." *Id.* A holding that a parental secrecy policy is unconstitutional will have no impact on GSA's operations or ability to advocate. Therefore, the second discretionary factor weighs against permissive intervention.

GSA is seeking, at least in part, to advance a position that non-discrimination policies should be required in schools statewide. (Mot. at 11:17-20.) That position is unrelated to the merits of this case: whether the Policy violates Ms. Regino's rights. Therefore, the third and fourth discretionary factors weighs against permissive intervention.

GSA's interests are adequately represented by the District. Where there is "identity of interests" or the same arguments being made by an intervenor and a party, permissive intervention is properly denied. *Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 955 (9th Cir. 2009) (citing *United States ex rel. Richards v. De Leon Guerrero*, 4 F.3d 749, 756 (9th Cir.1993)). GSA has simply not demonstrated—as is its burden—that the District will not make all the arguments it proposes, that the District is not capable and willing to make such arguments, or that it offers necessary elements to the proceeding that the District would neglect. Therefore, the sixth discretionary factor weighs against permissive intervention.

Moreover, intervention will only prolong or unduly delay the litigation. "As a general rule, intervenors are permitted to fully litigate fully once admitted to a suit . . . admission as a party will have the inevitable effect of prolonging the litigation to some degree." *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1304 (1997). Here, where the District already makes the arguments that GSA intends to advance and is better situated to make them in the context of the questions presented in this case, a delay would be undue. *Id.* Therefore, the seventh discretionary factor weighs against permissive intervention.

GSA cannot significantly contribute to the full development of the underlying factual issues in the suit, or to the just and equitable adjudication of the legal questions presented. GSA has no access to relevant factual information related to the determination of whether Ms. Regino's rights were violated. *C.f. Callahan v. Brookdale Senior Living Communities, Inc.*, 42 F.4th 1013, 1022-23 (9th Cir. 2022). GSA's legal argument that the District's actions were constitutional is

no different from the argument advanced by the District itself. Therefore, the eighth discretionary factor weighs against permissive intervention.

In addition to creating undue delay, GSA's involvement in the action will unduly prejudice the adjudication of the parties' rights by unnecessarily increasing litigation costs. Because intervention makes the intervenor a party with all rights, the parties will be required to deal with unnecessary additional motion practice and discovery. Considering GSA's interests in defending the constitutionality of the Policy are protected by the District, there is no justification for this here. Therefore, the final factor weighs against permissive intervention.

* * *

Denying GSA's motion does not leave it without a voice. GSA could seek to "contribute to this case through the filing of amicus briefs." *Republican Nat'l Comm. v. Newsom*, 2020 WL 3430243, at *2. Even if GSA is allowed to intervene, it should only be allowed to file briefs relating to the constitutionality of the Policy. *See, e.g.*, *N. Plains Res. Council v. U.S. Army Corps of Engineers*, No. CV-19-44-GF-BMM, 2019 WL 5818061, at *3 (D. Mont. Nov. 7, 2019) (limiting intervenor to only filing supporting briefs). GSA had no role in the District's social transitioning of A.S., and Ms. Regino does not seek damages in this case, least of all against GSA. Thus, GSA has no interest in participating as a full party in discovery and settlement discussions in this case. Instead, GSA's interest pertains only to the adjudication of the constitutionality of the Policy. Allowing GSA to file briefs supporting that position on the merits furthers that interest without prejudicing the litigation.

## CONCLUSION

For the forgoing reasons, the Court should deny GSA's Motion to Intervene. In the alternative, if GSA is allowed to intervene, it should be a limited intervention that allows GSA only to file briefs supporting the District's argument in dispositive motions that the Policy is unconstitutional.

/ / /

/ / /

/ / /

Dated: February 28, 2023

**DHILLON LAW GROUP INC.**
**CENTER FOR AMERICAN LIBERTY**

*/s/ Harmeet K. Dhillon*
HARMEET K. DHILLON
MICHAEL A. COLUMBO
JOSHUA W. DIXON
ERIC A. SELL
Attorneys for Plaintiff
AURORA REGINO