UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURORA REGINO,<br><br>    Plaintiff,<br><br>  v.<br><br>SUPERINTENDENT KELLY STALEY, in her official capacity; CAITLIN DALBY; in her official capacity; REBECCA KONKIN, in her official capacity; TOM LANDO, in his official capacity; EILEEN ROBINSON, in her official capacity; and MATT TENNIS, in his official capacity,<br><br>    Defendants. | No.  2:23-cv-00032-JAM-DMC<br><br>**ORDER DENYING MOTION TO INTERVENE** |

The Genders and Sexualities Alliance Network (the "GSAN") seeks to intervene as a defendant in this suit brought by Aurora Regino ("Plaintiff") against Chico Unified School District Superintendent Kelly Staley and school board members Caitlin Dalby, Rebecca Konkin, Tom Lando, Eileen Robinson, and Matt Tennis ("Defendants") in their official capacities.  See Mot. to Intervene ("Mot."), ECF No. 22.  Plaintiff opposes intervention. See Opp'n, ECF No. 34.  The GSAN replied.  See Reply, ECF No. 38.

For the reasons set forth below, the Court DENIES the GSAN's

1

motion.[1]

## I.  FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

On January 6, 2023, Plaintiff filed her complaint against Defendants alleging four causes of action under 42 U.S.C. § 1983: two facial challenges to AR 5145.3 (the "Regulation") under substantive and procedural due process; and two as-applied challenges to the Regulation under substantive and procedural due process.  See Compl., ECF No. 1.  Plaintiff, who has two children in the Chico Unified School District, claims that the Regulation violates her constitutional parental rights because it (1) permits school personnel to socially transition students expressing a transgender identity and (2) prohibits school personnel from informing a student's parents of this change unless the student expressly authorizes them to do so.  Compl. ¶ 2.

A couple of weeks later, Plaintiff filed her motion for preliminary injunction seeking to enjoin Defendants and all district employees from: (1) socially transitioning current students without obtaining informed consent from the students' parents or guardians; (2) not obtaining informed consent from the parents or guardians of all current students who have previously been socially transitioned or are currently being socially transitioned; (3) socially transitioning Plaintiff's children without her informed consent; and (4) not obtaining Plaintiff's

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g). The hearing was scheduled for March 28, 2023.

2

informed consent if her daughters have been socially transitioned in the past or are still being socially transitioned. After full briefing and oral argument, the Court denied Plaintiff's motion. See Order, ECF No. 37.

On February 14, 2023, the GSAN filed the operative motion to intervene on the side of Defendants. See Mot. The GSAN is a non-profit organization that provides a variety of support, organizational, and advocacy services for queer youth across the country; it has two student-run clubs within the Chico Unified School District. Id. at 3. The GSAN seeks to assert the interests of queer students in the continuation of the Regulation, particularly with respect to transgender students. Id. at 1. The GSAN asserts that the Court should allow either permissive intervention or intervention as of right. Id. Plaintiff opposes the motion. See Opp'n, ECF No. 34. The GSAN replied. See Reply, ECF No. 38.

## II.  OPINION

### A. Legal Standard

The Ninth Circuit applies a four-part test in evaluating a motion for intervention as of right pursuant to Federal Rule of Civil Procedure(FRCP) 24(a): (1) the application for intervention must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and(4) the applicant's interest must not be adequately

represented by the existing parties in the lawsuit. <u>Southwest Ctr. for Biological Diversity v. Berg</u>, 268 F.3d 810, 817 (9th Cir.2001). Each of these requirements must be met before an intervention of right can be allowed. <u>NAACP v. New York</u>, 413 U.S. 345, 369 (1973).

The test is applied "liberally in favor of potential intervenors," and a court's analysis is "guided primarily by practical considerations." <u>Southwest</u>, 268 F.3d at 818. The burden is on the party seeking intervention to demonstrate that each of the elements are satisfied before a court will provide the party with a right to intervene. <u>League of United Latin American Citizens v. Wilson</u>, 131 F.3d 1297, 1302 (9th Cir.1997).

Compared with an intervention as of right, a court has broad discretion in deciding a motion for permissive intervention; under FRCP 24(b), a party may be allowed to intervene so long as: (1) the motion is timely; (2) independent grounds for jurisdiction exist; and (3) the applicant's claim or defense shares a question of law or fact with the underlying action. <u>League of United Latin American Citizens</u>, 131 F.3d at 1308. The Ninth Circuit has instructed courts to consider other factors when determining whether to exercise their discretion to permit permissive intervention, namely: (1) the nature and extent of applicant's interest; (2) the applicant's standing to raise relevant legal issues; (3) the legal position the applicant seeks to advance and its relation to the merits of the underlying case; (4) changes in the litigation; (5) whether the applicant's interests are adequately represented by other parties; (6) whether intervention will prolong or unduly delay the

litigation; and (7) whether the applicant will significantly contribute to the full development of the underlying factual issues and to the just and equitable adjudication of the legal issues presented. Spangler v. Pasadena City Bd. of Ed., 552 F.2d 1326, 1329 (9th Cir. 1977).

    B.    Analysis

          1.    Intervention as of Right

              a.    Significantly Protectable Interest

The GSAN claims that it has a direct interest in the instant case because (1) it co-sponsored AB 1266, which led to the eventual adoption of the Regulation in the Chico Unified School District and (2) there are two GSAN-affiliated student clubs in the district. Mot. at 7-8. The GSAN further contends that a disposition in Plaintiff's favor would impede the organization's mission to support queer students and foster environments where queer students can seek community or support from their peers. Id. at 8. Plaintiff responds that the instant case concerns the constitutional rights of parents, so the GSAN has no legally protected interest to defend. Opp'n at 4. Plaintiff also argues that the GSAN's references to its co-sponsoring of AB 1266 and the potential chilling effects on its student clubs in Chico are immaterial because they don't relate to the Regulation, which will have no effect on AB 1266 or the operation of GSAN-affiliated clubs if it is overturned. Id. at 4-5.

The Court finds Plaintiff's argument persuasive. A party seeking to intervene must establish that its interest in the outcome of the suit is "direct, non-contingent, and substantial;" it is sufficient for a party to demonstrate that the resolution

of the plaintiff's claims will actually affect the party. California ex rel. Lockyer v. United States, 450 F.3d 436, 441 (9th Cir. 2006). The GSAN has failed to meet its burden. At issue in the instant case is a local school board regulation, not the state statute AB 1266 that the GSAN co-sponsored. Regardless of the outcome of the instant case, AB 1266 will remain in effect. Also, the GSAN has failed to demonstrate how its general management and support of the two GSAN-affiliated clubs in the Chico Unified School District will be directly or substantially affected by an adverse disposition. Regardless of the outcome of the instant case, the GSAN and its affiliated clubs will still be permitted to operate in the district and continue their mission of supporting queer students and fostering supportive environments for them. The Court finds that the GSAN has failed to establish that it has a significantly protectable interest in the instant case. Accordingly, the Court denies the GSAN's motion to intervene as of right.

          b.   Remaining Factors

Because the failure to satisfy any one of the requirements for an intervention as of right is "fatal to the application," the Court need not, and does not, address the remaining requirements. Perry v. Proposition 8 Off. Proponents, 587 F.3d 947, 950 (9th Cir. 2009).

      2.   Permissive Intervention

          a.   Timeliness and Independent Jurisdictional Basis

The Court notes that (1) the parties agree that the independent jurisdictional grounds requirement is not applicable

6

to this motion and (2) Plaintiff does not contest that the GSAN's motion is timely.  Accordingly, the Court finds that the GSAN's motion is timely and will proceed to address the remaining threshold requirement and discretionary factors.

                            b.    <u>Common Question of Law or Fact</u>

The GSAN argues that its proposed defense–that policies like the Regulation don't infringe upon parental rights and are necessary to protect the constitutional rights of transgender students–is directly responsive to Plaintiff's claims and will not expand the legal issues of the instant case.  Mot. at 11.  The GSAN notes that it is only seeking to defend the Regulation and is not seeking any additional relief or raising new issues.  <u>Id.</u>  Plaintiff responds that the GSAN shares no common question of law or fact because the GSAN seeks to litigate whether the Regulation is constitutionally required instead of whether the Regulation violates the constitutional rights of parents.  The Court disagrees.

Defendants raised a similar defense to the GSAN in their opposing brief to Plaintiff's motion for preliminary injunction and during the subsequent oral arguments on that motion, namely that (1) students have a constitutional right to privacy with respect to their sexual orientation and gender identity and (2) parental rights do not extend as far as Plaintiff claims such that the Regulation infringes on her constitutional rights.  Opp'n, ECF No. 21 at 14-19, Motion Hearing, ECF No. 33.  Thus, the Court finds that the GSAN has raised a common question of law that meets the threshold requirement for permissive intervention.

///

### c.  Discretionary Factors

While the GSAN has met the threshold requirements for permissive intervention, the Court has broad discretion to deny intervention, and the Court exercises that discretion in this case. Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998). The Court finds that the GSAN (1) has not sufficiently demonstrated that Defendants will not adequately represent its interests in this litigation and (2) will not significantly contribute to the full development of the underlying factual issues or to the just and equitable adjudication of the legal issues presented.

In the instant case, there is a presumption of adequacy in Defendants' representation because both Defendants and the GSAN share the same "ultimate objective" of maintaining the Regulation; this presumption can only be overcome by a "compelling showing" that Defendants will inadequately represent the GSAN's interests. W. States Petroleum Ass'n v. California Occupational Health & Safety Standards Bd., No. 2:19-CV-01270-JAM-DB, 2019 WL 6324076, at *2 (E.D. Cal. Nov. 26, 2019). The GSAN has failed to make such a showing, particularly considering the substance of Defendants' pleadings and oral arguments before this Court asserting the legality of the Regulation and the privacy rights of students, including queer students. See Opp'n, ECF No. 21, Motion Hearing, ECF No. 33. As for the GSAN's contributions to the development of the underlying factual issues and the adjudication of the legal claims of the case, the Court finds that the GSAN cannot offer any additional, material facts that are not already known to the parties; the GSAN also raises

similar legal arguments as the Defendants. GSAN's motion for permissive intervention is denied.

## III.  ORDER

For the reasons set forth above, the Court DENIES the GSAN's motion to intervene.

IT IS SO ORDERED.

Dated: April 14, 2023

JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE