UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURORA REGINO,<br><br>    Plaintiff,<br><br>    v.<br><br>SUPERINTENDENT KELLY STALEY, in her official capacity, et al.,<br><br>    Defendants. | No. 2:23-cv-00032-JAM-DMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Chico Unified School District (the "District") Superintendent Kelly Staley ("Defendant") has filed a motion to dismiss Aurora Regino's ("Plaintiff") first amended complaint ("FAC"). See Mot. to Dismiss ("Mot."), ECF No. 50; FAC, ECF No. 42. Plaintiff has brought the following causes of action under 42 U.S.C. § 1983 against Defendant regarding District Regulation AR 5145.3 (the "Regulation"): (1) facial and as-applied substantive due process; (2) facial and as-applied procedural due process; and (3) facial and as-applied First Amendment familial associations. See FAC. Plaintiff alleges that the Regulation results in the District "socially transitioning" students expressing a transgender identity without notifying and obtaining the informed consent of parents, in

1

violation of her constitutional rights. FAC ¶¶ 95-96. Plaintiff opposes the motion to dismiss. See Opp'n, ECF No. 52. Defendant replied. See Reply, ECF No. 54.

For the reasons set forth below, the Court GRANTS Defendant's motion.

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

In her FAC, Plaintiff alleges that District Regulation AR 5145.3 (the "Regulation") (1) permits school personnel to socially transition students expressing a transgender identity by referring to them by their preferred name and pronouns; and (2) prohibits school personnel from informing a student's parents of this change unless the student expressly authorizes them to do so; there is an exception where disclosure is either (1) required by law or (2) the District has compelling evidence that disclosure is necessary to preserve the student's health. FAC ¶ 52. During the 2021-22 school year, Plaintiff's eldest child, A.S., then a student at Sierra View Elementary School, expressed feelings of gender dysphoria to her school counselor, Mandi Robinson, specifically that she identified as a boy. Id. ¶¶ 55-60. A.S. also informed Robertson that she did not want Plaintiff to be informed about her transgender identity on the belief that Plaintiff would be upset. Id. ¶ 64. After a couple of subsequent counseling sessions, Plaintiff alleges that A.S.'s counselor began socially transitioning A.S. by informing her teachers that she was to be called by her new name and referred to by male pronouns. Id. ¶¶ 64-66. School personnel did not disclose these developments to Plaintiff; Plaintiff further alleges that Robinson actively discouraged A.S. from informing

2

Plaintiff and instead advised her to disclose her new identity to other family members before informing Plaintiff. Id. ¶¶ 69-71. Robinson also did not suggest that A.S. discuss her gender dysphoria with a medical professional. Id. ¶ 71.

On April 8, 2022, A.S. informed her grandmother of her new gender identity. Id. ¶ 72. A.S.'s grandmother then informed Plaintiff the same day. Id. Plaintiff spent the following months in contact with school district personnel to express her concerns about the Regulation and advocated for the school district to change it. Id. ¶¶ 78-87. Plaintiff alleges that district personnel dismissed her concerns and claimed that state law mandated the Regulation. Id. A.S. currently does not express feelings of gender dysphoria, identifies as a girl again, and is currently in counseling for depression and anxiety. Id. ¶ 94. Plaintiff further alleges that her younger daughter, C.S., is now exhibiting behaviors that cause Plaintiff to believe that C.S. is likely to express a transgender identity in the future. Id. ¶ 94.

On January 6, 2023, Plaintiff filed her complaint against Defendant alleging four causes of action under 42 U.S.C. § 1983: two facial challenges to the Regulation under substantive and procedural due process; and two as-applied challenges to the Policy under substantive and procedural due process. See Compl., ECF No. 1. Plaintiff subsequently filed a motion for preliminary injunction ("MPI") seeking to enjoin Defendant and all district employees from: (1) socially transitioning current students without obtaining informed consent from the students' parents or guardians; (2) not obtaining informed consent from the parents or

guardians of all current students who have previously been socially transitioned or are currently being socially transitioned; (3) socially transitioning Plaintiff's children without her informed consent; and (4) not obtaining Plaintiff's informed consent if her daughters have been socially transitioned in the past or are still being socially transitioned. See MPI, ECF No. 18.  The Court denied the MPI.  Order, ECF No. 37. Plaintiff next filed her FAC and Defendant filed the instant motion to dismiss the FAC in its entirety. See FAC, Mot.

## II.  EVIDENTIARY ISSUES

### A.  Judicial Notice

Defendants request the Court take judicial notice of four exhibits.  See Request for Judicial Notice, ECF No. 51.  Exhibit A is the District's Administrative Regulation 5145.3; Exhibit B is the definition of "social transition" as provided by the World Professional Association for Transgender Health Standards of Care for the Health of Transgender and Gender Diverse People, Version 8 ("WPATH SOC 8"); Exhibit C is the New Hampshire Superior Court's order in Jane Doe v. Manchester School District, Case No. 216-2022CV-00117 (N.H. Superior Court, Hillsborough County, Northern District, Sept. 5, 2022); Exhibit D is the California Department of Education's ("CDE") publication: "Frequently Asked Questions: School Success and Opportunity Act (Assembly Bill 1266)." Id. at 2.  Exhibits A and D constitute government records and are, therefore, proper subjects for judicial notice. Anderson v. Holder, 673 F.3d 1089, 1094 n. 1 (9th Cir. 2012); Daniels-Hall v. National Educ. Ass'n., 629 F.3d 992, 998 (9th Cir. 2010).  Exhibit C constitutes a state court proceeding,

1  which is a proper subject for judicial notice. Trigueros v.
2  Adams, 658 F.3d 983, 987 (9th Cir. 2011).
3      Plaintiff opposes judicial notice of Exhibit C, specifically
4  the definition of "transition," arguing that it is too broad and
5  inapplicable to the instant case, which concerns "social
6  transitioning." Opp'n, ECF No. 53 at 2-3. Plaintiff further
7  contends that inclusion of the entire WPATH Guidelines should not
8  be permitted because the exhibit is voluminous and is not relied
9  upon in the FAC. Id. at 2-4. The Court concurs and finds that
10 Exhibit C is not a proper subject for judicial notice. However,
11 the Court takes judicial notice that Exhibit C contains a
12 definition of "social transition."

### III.  OPINION

#### A.  Legal Standard

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under FRCP 12(b)(6), the Court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The complaint must possess more than "a formulaic recitation of the elements of a cause of action;" it must contain non-conclusory, factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007). The Court may dismiss a complaint as a matter of law for "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." SmileCare Dental Grp. v. Delta Dental Plan of California, Inc.,

88 F.3d 780, 783 (9th Cir. 1996).

B. Analysis

1. Count One: § 1983 Substantive Due Process-Facial Challenge

Defendant argues that Plaintiff's facial challenge to the Regulation under substantive due process must be dismissed on several grounds: (1) Plaintiff has not alleged the deprivation of a federally recognized constitutional right nor conduct that would "shock the conscience" of the Court; (2) Plaintiff cannot establish that there is no set of circumstances in which the Regulation would be valid; and (3) in the absence of a constitutional violation, the Regulation satisfies rational basis review. Mot. at 11-12, 14-17. Defendant contends that the parental right to make decisions regarding the care, custody, and control of one's children does not extend to the circumstances of the instant case. Id. at 11. Defendant refers to Nguon v. Wolf, where a federal district court found that students have a legally protected privacy interest under the California constitution with respect to information about their sexual orientation. 517 F. Supp. 2d 1177, 1196 (C.D. Cal. 2007); id. at 12. Defendant also cites a recent Maryland district court's holding that parents do not have a right to be informed of their child's transgender identity by schools. John & Jane Parents 1 v. Montgomery Cnty. Bd. of Educ., 622 F. Supp. 3d 118, 130 (D. Md. 2022). Defendant claims that there is no federal right to notice and consent to treatment for parents when their minor children voluntarily seek medical and psychological care, and that Plaintiff cannot establish that the conduct at issue in the instant case "shocks

6

1  the conscience;" the Regulation simply requires that District
2  staff respect the gender identity and privacy wishes of students.
3  Mot. at 14-16.  Furthermore, Defendant argues that there are
4  circumstances where disclosure can lead to harm to students, so
5  the District has a legitimate state interest in protecting
6  students' privacy and creating a "zone of protection" from
7  potential domestic violence.  Id. at 16-17.
8      Plaintiff responds that her substantive parental rights
9  extend to the circumstances of the instant case and that she is
10 not required to provide a careful description of her right to
11 support her substantive causes of action.  Opp'n, ECF No. 52 at
12 3.  Nevertheless, Plaintiff claims that the Regulation violates
13 her substantive due process rights to (1) make medical decisions
14 for her children and (2) make important decisions in the lives of
15 her children that go to the heart of parental decision making.
16 Id. at 3-4.  Plaintiff argues that social transitioning is a
17 significant form of psychological treatment, referring to the
18 Ninth Circuit's opinion in Edmo v. Corizon, Inc., where the Court
19 acknowledged the WPATH Standards of Care's identification of
20 social transitioning as a form of treatment for those suffering
21 from gender dysphoria.  935 F.3d 757, 770 (9th Cir. 2019); Opp'n
22 at 4.  Plaintiff claims that social transitioning can have grave
23 consequences for children, including a higher likelihood that
24 children will seek other gender-affirming care and a lower
25 likelihood that a child will return to their original gender
26 identity.  Id.  Plaintiff argues that children are unable to
27 provide informed consent to such serious psychological treatment,
28 so parental consent is required, comparing the instant case to

7

Mann v. Cnty. of San Diego, where the Ninth Circuit held that parental consent was required for physically invasive medical examinations of minors. 907 F.3d 1154, 1162 (9th Cir. 2018); Opp'n at 4.  Plaintiff then likens the instant case to other parental decisions such as (1) child visitation; (2) whether to send a child to private school; (3) the academic subjects that children may be taught; and (4) curfew. Id. at 4-5.  Plaintiff also refers to a Kansas district court holding in Ricard v. USD 475 Geary Cnty., KS Sch. Bd., which stated that parents must be included in any decision regarding what names and pronouns their children are referred to in school to support her claim that the Regulation will result in children suffering from gender dysphoria alone without parental guidance.  No. 522CV04015HLTGEB, 2022 WL 1471372, at *8 (D. Kan. May 9, 2022); Opp'n at 5.

    Having carefully and thoroughly considered the arguments raised by the parties in their briefs and the oral argument on this motion held on June 27, 2023, the Court finds that Plaintiff has failed to allege sufficient facts to support her facial substantive due process claim.  To establish a substantive due process claim under § 1983, a plaintiff must allege that (1) a federal constitutional right was violated and (2) the alleged violation was committed by a person acting under the color of state law such that it shocks the conscience. Long v. Cnty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006), Brittain v. Hansen, 451 F.3d 982, 991 (9th Cir. 2006).  This Court has held that the threshold requirement for such substantive or procedural due process claims is "plaintiff's showing of a liberty or property interest protected by the Constitution." Culinary

Studios, Inc. v. Newsom, 517 F. Supp. 3d 1042, 1067 (E.D. Cal. 2021) (citing Wedges/Ledges of California, Inc. v. City of Phoenix, Ariz., 24 F.3d 56, 62 (9th Cir. 1994)). The Supreme Court requires a "careful description of the asserted liberty interest" that has been violated. Washington v. Glucksberg, 521 U.S. 702, 720 (1997). The Court has also cautioned against the expansion of substantive due process rights, "lest the liberty protected by the Due Process Clause be subtly transformed into the policy preferences of" the courts. Id. Although the "law does not require a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." David v. Kaulukukui, 38 F.4th 792, 800 (9th Cir. 2022).

Despite Plaintiff's claims to the contrary, she is advocating for an expansion of her parental substantive due process rights that is not supported by precedent. Plaintiff has failed to provide any controlling authority that would permit this Court to find that the scope of her substantive parental rights covers the instant case's circumstances. None of the cases cited by Plaintiff opine on whether the state has an affirmative duty to inform parents of their child's transgender identity nor whether the state must obtain parental consent before referring to a transgender child by their preferred name and pronouns. Even Plaintiff's reliance on Ricard is misguided as its holding was made in the context of a religious free exercise claim where the plaintiff teacher argued that withholding a student's transgender status from their parents violated plaintiff's religious beliefs; substantive parental

9

rights were not at issue before the Ricard court. Also, while Plaintiff alleges that the Regulation permits social transitioning at school and this constitutes medical treatment, this allegation is conclusory and, thus, insufficient to raise Plaintiff's right to relief under substantive due process above the speculative level.

The Court further notes that the sections of the Regulation at issue in the instant case are not proactive, but reactive; District staff are not directed to force students to adopt transgender identities or keep their identities secret from their parents. Instead, District staff are directed to affirm a student's expressed identity and pronouns and disclose that information only to those the student wishes, with an exception for the student's health. On the Regulation's face, it is undisputable that the decision to openly express a transgender identity through the use of a different name and pronouns is made by the student, not the District; and Plaintiff has failed to demonstrate that the Court has the authority under substantive due process to direct the District's response to such a decision on the grounds that her parental rights apply. Federal courts are "courts of limited jurisdiction that have not been vested with open-ended lawmaking powers," so in the absence of an established constitutional right, the legislature is best suited to address Plaintiff's concerns.[1]  Nw. Airlines, Inc. v. Transp.

---

[1] The California legislature is currently considering a bill that would require school employees to notify a student's parent or guardian when the school becomes aware that the student is expressing a transgender identity. See Cal. Assemb. B. 1314 (2023-2024 Reg. Sess.).

Workers Union of Am., AFL-CIO, 451 U.S. 77, 95 (1981).

As Defendant notes, Plaintiff's FAC and opposition to this motion to dismiss is filled with policy arguments challenging the wisdom of the Regulation. While reasonable minds may certainly differ as to whether Plaintiff's policy preferences are advisable, this Court is not the venue for this political debate. Reply, ECF No. 54 at 2. The issue before this Court is not whether it is a good idea for school districts to notify parents of a minor's gender identity and receive consent before using alternative names and pronouns, but whether the United States Constitution mandates such parental authority. This Court holds that it does not.

In the absence of the establishment of a federal constitutional right, the Regulation is subject to rational basis review, so the Regulation need only bear some rational relationship to a legitimate state interest. Witt v. Dep't of Air Force, 527 F.3d 806, 817 (9th Cir. 2008). The Court finds that the Defendant has demonstrated a legitimate state interest in creating a zone of protection for transgender students and those questioning their gender identity from adverse hostile reactions, including, but not limited to, domestic abuse and bullying; this is in line with the Regulation's general purpose to combat discrimination and harassment against students. Plaintiff's facial substantive due process challenge thus fails as a matter of law and is dismissed.

        2.    Count Two: § 1983 Substantive Due Process-As-Applied Challenge

Defendant argues that Plaintiff's as-applied substantive due

11

process claim must be dismissed because Plaintiff has failed to satisfy the underlying constitutional standard, namely that (1) Plaintiff had a federal constitutional right that was violated; and (2) the alleged violation was committed by a person acting under the color of state law such that it shocks the conscience. Mot. at 17. Defendant also argues that instruction regarding sexual identity does not infringe upon parental rights because it falls under a school's curriculum. Id. Defendant further notes that A.S.'s feelings of gender dysphoria, desire to use a different name and pronouns, and decision to not disclose her transgender identity to Plaintiff were prompted by A.S., not school personnel. Id. at 17-19. With respect to disclosure to Plaintiff, Defendant contends that Robertson's suggestion that A.S. disclose her gender identity to other family members first was in line with the Regulation's guidelines and that Robertson did not expressly forbid A.S. from disclosing this information to Plaintiff. Id. at 19.

Plaintiff does not directly contest Defendant's arguments in her opposition brief and the Court finds that Plaintiff has failed to allege sufficient facts to support her as-applied challenge. As Defendant notes, the underlying constitutional standard for an as-applied challenge is the same as a facial challenge. Legal Aid Servs. of Or. v. Legal Servs. Corp., 608 F.3d 1084, 1096 (9th Cir. 2010). Thus, Plaintiff must establish the requisite elements for a substantive due process claim, namely that: (1) a federal constitutional right was violated and (2) the alleged violation was committed by a person acting under the color of state law such that it shocks the conscience. Long,

442 F.3d at 1185, Brittain, 451 F.3d at 991.  Plaintiff has failed to establish these elements.  Consistent with the Court's ruling in favor of Defendant on count one, the Court finds that Plaintiff's as-applied substantive due process challenge fails as a matter of law and is dismissed.

        3.    Count Three: § 1983 Procedural Due Process-Facial Challenge

Defendant argues that Plaintiff's facial procedural due process claim must be dismissed because Plaintiff has failed to establish that she has been deprived of a protected interest in property or liberty.  Mot. at 20.  Defendant further contends that, even if there was a constitutional violation, Plaintiff has failed to put forth any allegations to suggest that the District enacted the Regulation in a manner prohibited by law.  Id. at 20-21.

Plaintiff responds that (1) the Regulation violates her fundamental parental rights and (2) in the alternative, her parental rights are closely related enough to fundamental rights that they should trigger procedural due process protections.  Opp'n at 13-14.  With respect to process, Plaintiff claims that the Regulation's adjudicatory framework is procedurally deficient because it does not allow for a thorough investigation into the relevant facts of one's case, notice, and an opportunity to be heard.  Opp'n at 14, FAC ¶ 120.

To establish a procedural due process violation under § 1983, a plaintiff must allege: "(1) a deprivation of a constitutionally protected liberty or property interest and (2) a denial of adequate procedural protections."  Culinary Studios,

13

Inc., 517 F. Supp. 3d at 1067 (citing Tutor-Saliba Corp., 452 F.3d at 1061). This Court has held that the threshold requirement for such a claim is "plaintiff's showing of a liberty or property interest protected by the Constitution." Id. (citing Wedges/Ledges of California, Inc., 24 F.3d at 62). Although the "law does not require a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." Kaulukukui, 38 F.4th at 800. Consistent with the Court's rulings in favor of Defendant on counts one and two, the Court finds that Plaintiff has failed to allege sufficient facts to establish that her fundamental parental rights extend to the circumstances of the instant case such that she was entitled to procedural due process protections; thus, Plaintiff has not sufficiently alleged that she has been deprived of a constitutionally protected liberty or property interest and her claim must be dismissed.

          4.    Count Four: § 1983 Procedural Due Process-As-Applied Challenge

Given the Court's ruling on Plaintiff's facial challenge, the Court finds that Plaintiff has failed to allege facts sufficient to support her as-applied procedural due process challenge. The underlying constitutional standard for an as-applied challenge is the same as a facial challenge. Legal Aid Servs. of Or., 608 F.3d at 1096 (9th Cir. 2010). Because Plaintiff has failed to allege sufficient facts to establish that she was deprived of a constitutionally protected liberty or property interest in the instant case, her claim must be dismissed.

          5.    Count Five: § 1983 First Amendment-Facial Challenge

Defendant seeks dismissal of Plaintiff's facial challenge alleging a violation of her intimate family relationship with her daughter because the right has not been recognized in the context of the instant case. Mot. at 21-22. Defendant argues that the parent-child intimate human relationship has only been recognized in two instances: (1) the right of a parent and child to physically live or congregate together; and (2) where the parent or child suffers retaliation from the state because of the other's conduct. Hameetman v. City of Chicago, 776 F.2d 636 (7th Cir. 1985), Agostino v. Simpson, 2012 U.S. Dist. LEXIS 207375, *26-27 (S.D.N.Y. Mar. 29, 2012); Mot. at 21. Defendant claims that the FAC does not allege that the District either physically separated Plaintiff from A.S. or took any actions that could constitute retaliation against Plaintiff or A.S. for their individual conduct; the District simply abided by A.S.'s request to keep her gender identity a secret from Plaintiff in accordance with the Regulation. Id. at 22. Thus, Defendant contends that there was no constitutional violation. Id.

Plaintiff responds that the Regulation infringes on her right to family integrity and association, which prohibits unwarranted state interference into family relationships. Opp'n at 5. Plaintiff claims that Western parental relationships are deeply shaped by whether a child identifies as a boy or girl; the Regulation's alleged facilitation of social transitioning without parental consent fundamentally alters the "emotional bonds" of that relationship. Id. at 5-6; Ovando v. City of Los Angeles, 92

F. Supp. 2d 1011, 1021 (C.D. Cal. 2000); Doe v. Dickenson, 615 F. Supp. 2d 1002, 1014 (D. Ariz. 2009). Plaintiff claims that the Regulation drives a wedge into the parent-child relationship and denies Plaintiff the "opportunity to counter influences" on her children with which she disagrees. Arnold v. Bd. of Educ. of Escambia Cnty., 880 F.2d 305, 313 (11th Cir. 1989). Plaintiff argues that as a matter of constitutional law she has the right to decide whether the District socially transitions her children, or, in the alternative, she has the right to be provided notice before social transitioning occurs. The Court disagrees.

Plaintiff has failed to allege facts sufficient to support her facial First Amendment challenge. This Court has held that a familial association claim can be brought under either the First or the Fourteenth Amendment and that the standard of proof is the same. Kaur v. City of Lodi, 263 F. Supp. 3d 947, 973 (E.D. Cal. 2017). To establish a familial association claim, Plaintiff must show that (1) her liberty interest in having her relationship with A.S. be free from unwarranted state interference was violated; and (2) that the violation was committed though official conduct that "shocks the conscience." Est. of Osuna v. Cnty. of Stanislaus, 392 F. Supp. 3d 1162, 1176 (E.D. Cal. 2019). The Ninth Circuit has also held that recovery for a violation of the right to familial association is generally contingent on the existence of an underlying constitutional violation. Schwarz v. Lassen Cnty. ex rel. Lassen Cnty. Jail, 628 F. App'x 527, 528 (9th Cir. 2016). However, Plaintiff has again failed to allege a cognizable constitutional violation. Although the "law does not require a case directly on point for a right to be clearly

16

established, existing precedent must have placed the statutory or constitutional question beyond debate." Kaulukukui, 38 F.4th at 800.  Plaintiff has cited to no controlling authority that suggests that a policy that forbids disclosure of a student's gender identity absent their consent constitutes unwarranted interference in the parent-child relationship.  The cases cited by Plaintiff to support her claim bear no resemblance to the instant case.  The Regulation does not involve: (1) wrongful imprisonment of a parent, Ovando, 92 F. Supp. 2d at 1019; (2) the molestation of a child by a school resource officer, Dickenson, 616 F. Supp. 2d at 1013-14; (3) reputational damage to a parent labelled as a child abuser, Bohn v. Dakota Cnty., 772 F.2d 1433, 1436 n.4 (8th Cir. 1985); (4) law enforcement officers giving a family false and defamatory information about a parent, Patel v. Searles, 305 F.3d 130, 136-37 (2d Cir. 2002); (5) school officials coercing students into receiving abortions and not informing their parents, Arnold, 880 F.2d at 312–14; or (6) school officials compelling student athletes to take pregnancy tests, Gruenke v. Seip, 225 F.3d 290, 304-07 (3d Cir. 2000).

    The Regulation only governs the conduct of District staff with respect to how students wish to be addressed.  Nothing in the Regulation prohibits or discourages students and their parents from associating with each other.  To the contrary, in the context of the instant case, the Regulation refrains from interfering with the established parent-child relationship by allowing students to disclose their gender identity to their parents on their own terms.  Consistent with the Court's rulings

17

in favor of Defendant on counts one through four, the Court finds that Plaintiff has failed to establish that her right to familial association free from unwarranted state interference extends to the circumstances of the instant case or that Plaintiff has suffered an underlying constitutional violation. In the absence of the non-conclusory, factual allegations necessary to sustain this claim, Plaintiff's claim must be dismissed.

### 6. Count Six: § 1983 First Amendment-As-Applied Challenge

Given the Court's ruling on Plaintiff's facial challenge, the Court finds that Plaintiff has failed to allege facts sufficient to support her as-applied familial association challenge. The underlying constitutional standard for an as-applied challenge is the same as a facial challenge. <u>Legal Aid Servs. of Or.</u>, 608 F.3d at 1096 (9th Cir. 2010). Because Plaintiff has failed to establish that she suffered a constitutional violation in the instant case, her as applied claim must be dismissed. The Court further notes Plaintiff's concession that her alleged constitutional violation occurred upon A.S.'s initiative, not the District's. Specifically, (1) the District's decision to not disclose A.S.'s gender identity to Plaintiff was at the request of A.S. and (2) A.S. affirmatively provided a name and pronouns that she preferred to be referenced by at school. FAC ¶¶ 64.

///
///
///
///

IV.   ORDER

For the reasons set forth above, the Court GRANTS Defendant's motion to dismiss. In determining whether to grant leave to amend, courts consider several factors: (1) undue delay, (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously permitted; (4) prejudice to the opposing party; and (5) futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962); United States v. Corinthian Colleges, 655 F.3d 984, 995 (9th Cir. 2011).  Futility of amendment can, by itself, justify denial of leave to amend. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  To the extent that the pleadings can be cured by the allegation of additional facts, a plaintiff should be afforded leave to amend. Samano v. LVNV Funding, LLC, No. 1:21-CV-01692-SKO, 2022 WL 2318161, at *2 (E.D. Cal. June 28, 2022)(citing Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 247 (9th Cir. 1990)).  Dismissal of a complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment, such that the underlying facts cannot create a proper subject of relief. Id. at *4, Breier v. N. Cal. Bowling Proprietors' Ass'n, 316 F.2d 787, 790 (9th Cir. 1963).

In the instant case the Court finds that further amendment would be futile.  Clearly, there are no material facts that are disputed or could be added that would allow Plaintiff to proceed on any of her six claims in the FAC.  Indeed, the parties conceded at oral argument on this motion that this case presents purely legal issues that can be resolved at this stage of the

proceedings.  Accordingly, all of Plaintiff's claims are DISMISSED WITH PREJUDICE.

   IT IS SO ORDERED.

Dated: July 10, 2023

JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE