LOUIS A. LEONE (SBN 099874)
   (*Of Counsel*)
BRIAN A. DUUS, ESQ. (SBN 263403)
JIMMIE E. JOHNSON, ESQ. (SBN 209471)
**LEONE ALBERTS & DUUS**
1390 Willow Pass Road, Suite 700
Concord, CA 94520-7913
Telephone: (925) 974-8600
Facsimile: (925) 974-8601
Emails: bduus@leonealberts.com
         jjohnson@leonealberts.com

Attorneys for Defendants
SUPERINTENDENT KELLY STALEY,
in her official capacity

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURORA REGINO,<br><br>    Plaintiff,<br><br>  vs.<br><br>SUPERINTENDENT KELLY STALEY, in her official capacity; CAITLIN DALBY, in her official capacity; REBECCA KONKIN, in her official capacity; TOM LANDO, in his official capacity; EILEEN ROBINSON, in her official capacity; and MATT TENNIS, in his official capacity,<br><br>    Defendants. | **Case No.: 2:23-cv-00032-JAM-DMC**<br><br>**DEFENDANT KELLY STALEY'S NOTICE OF MOTION AND MOTION TO PUBLISH ECF 57 IN NATIONAL REPORTER SYSTEM**<br><br>Date: October 10, 2023<br>Time: 1:30 p.m.<br>Crtrm.: 6<br>Judge: Hon. John A. Mendez<br><br>Complaint Filed: January 6, 2023<br>Trial Date: Not Yet Set |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 10, 2023 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 6 of the above-entitled court, located at 501 I Street,

1

Sacramento, California 95814, Defendant KELLY STALEY ("Defendant Staley")[1] will and hereby does, pursuant to Local Rules of the United States District Court, Eastern District of California, Rule 171, move this Court to publish in the National Reporter System, including but not limited to the *Federal Supplement*, the entirety of the Order Granting Defendant's Motion to Dismiss, ECF 57 (see Exhibit A), it issued in the above-captioned matter.

This motion is based on the instant Notice of Motion and Motion, the Memorandum of Points and Authorities set forth below, all pleadings in this action, as well as any evidence and arguments that may be offered in the forthcoming reply briefing and hearing on the motion. This motion is made following the conference of counsel pursuant to the Court's standing order which took place on September 6, 2023.

**LEONE ALBERTS & DUUS**

Dated:  September 08, 2023              */s/ Jimmie E. Johnson*
                                       BRIAN A. DUUS, ESQ.
                                       JIMMIE E. JOHNSON, ESQ.
                                       Attorneys for Defendants
                                       SUPERINTENDENT KELLY STALEY

---

[1] The other initially named defendants were dismissed prior to the final disposition of this matter before the District Court.

| DEFENDANTS' NOTICE OF MOTION AND MOTION TO PUBLISH ECF 57 | 2:23-cv-00032-JAM-DMC |
|---|---|

## MEMORANDUM OF POINTS AND AUTHORITIES

Local Rules of the United States District Court, Eastern District of California, Rule 171 permits publication of any document or other matter in a litigation, at the Court's discretion, upon a noticed motion.  E.D. Cal. L.R. 171; *Stokes v. City of Visalia*, 2018 U.S. Dist. LEXIS 142026, *28 (E.D. Cal. August 20, 2018).  To that end, "West Publishing encourages judges to submit for publication opinions that are 'of general interest and importance to the bench and bar….'"  *Jackson v. Patzkowski*, 2020 U.S. Dist. LEXIS 147591, *1 (E.D. Wash. August 11, 2020) (quoting Thomson Reuters, *Submission Guidelines for Court Opinions* (last visited August 10, 2020), https://legal.thomsonreuters.com/en/solutions/government/court-opinion-submission-guidelines).  Specifically, West Publishing encourages the publication of opinions that "[d]eal with an issue of first impression;" "[e]stablish … or explain a rule of law;" and/or "[i]nvolve newsworthy cases."  *Submission Guidelines for Court Opinions* (last visited August 28, 2023).

Similarly, for its own purposes, the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") has adopted Circuit Rule 36-2 ("Rule 36-2") which provides that "[a] written reasoned designation shall be designated as an OPINION if it: [¶] (a) Establishes, alters, modifies or clarifies a rule of federal law, or (b) [¶] Calls attention to a rule of law that appears to have been generally overlooked, or . . . [¶] (d) Involves a legal or factual issue of unique interest or substantial public importance."  U.S.C.S. Ct. App. 9th Cir., Circuit R 36-2.  In other matters, this United States District Court for the Eastern District of California has adopted Rule 36-2 as its own standard for determining when to publish a decision.  See e.g., *Stokes*, 2018 U.S. Dist. LEXIS 142026, at *27-29.

In its Order Granting Defendant's Motion to Dismiss, ECF 57, a true and correct copy of which has been attached hereto as Exhibit A, this Court expressly found that the United States Constitution does not impose upon a State "an affirmative duty to inform parents of their child's transgender identity," nor a duty to "obtain parental consent before referring to a transgender child by their preferred name and pronouns," and that the recognition of any such duty would constitute "an expansion of [] parental substantive due process rights that is not supported by precedent."  ECF 57 at 9:14-24.  To date, to the knowledge of Defendant Staley, neither the

Ninth Circuit, nor any of the United States District Courts under its appellate jurisdiction, have issued any published or unpublished decision on the question.  Indeed, to the knowledge of Defendant Staley, the only published, federal court decision that had previously addressed this question – *John & Jane Parents 1 v. Montgomery Cnty. Bd. of Educ.*, 622 F.Supp.3d 118 (D. Md. 2022) was recently vacated by the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit").  In an unpublished opinion, the Fourth Circuit determined that the plaintiffs in that case had failed to establish standing; and therefore, the District Court had no jurisdiction to make its substantive determination.  *Johnson & Jane Parents 1 v. Montgomery Cnty. Bd. of Educ.*, 2023 U.S. App. LEXIS 21097 (4th Cir. Aug. 14, 2023).  As such, to the knowledge of Defendant Staley, there is no published opinion, of any federal court, concerning this constitutional question.

In short, this Court's Order Granting Defendant's Motion to Dismiss, ECF 57, establishes a rule of law not addressed by any published federal court decision to the knowledge of Defendant Staley.  Moreover, the fact that this constitutional question is of substantial public importance, and that this particular litigation is a newsworthy matter, cannot be seriously questioned.  Not only has this case received nationwide attention from several press organizations, see e.g., Fox News, *California mom sues school district that allegedly counseled daughter to transition gender*," (last visited August 28, 2023), https://www.foxnews.com/media/california-mom-sues-school-district-allegedly-counseled-daughter-transition-gender; Newsmax, *Mom Sues Calif. School District Over Secret Transgender Policy*," (last visited August 28, 2023), https://www.newsmax.com/newsfront/lawsuit-california-school/2023/01/13/id/1104364; One America News ("OAN"), *California Mother's Lawsuit Highlights School Secrecy On Gender Transition, Sparks Nationwide Debate*," (last visited August 28, 2023), https://www.oann.com/video/oan-contribution/california-mothers-lawsuit-highlights-school-secrecy-on-gender-transition-sparks-nationwide-debate; but members of the United States Congress have introduced legislation as a direct response to this Court's decision, see e.g., H.R. 1585, the Prohibiting Parental Secrecy Policies in Schools Act of 2023; see also "*Congressman LaMalfa Introduces Bill to Strengthen Parental Rights in Schools*" (last visited

| DEFENDANTS' NOTICE OF MOTION AND MOTION TO PUBLISH ECF 57 | 2:23-cv-00032-JAM-DMC |

August 28, 2023), https://lamalfa.house.gov/media-center/press-releases/congressman-lamalfa-introduces-bill-strengthen-parental-rights-schools (press release by author of H.R. 1585).  As such, this Court's order satisfies the standard set forth by Rule 36-2, and should be published.

## CONCLUSION

For these reasons, the Court should grant the instant motion to publish its Order Granting Defendant's Motion to Dismiss, ECF 57 in the above-captioned matter.

Dated:  September 08, 2023                    **LEONE ALBERTS & DUUS**

                                                    */s/ Jimmie E. Johnson*
                                                    BRIAN A. DUUS, ESQ.
                                                    JIMMIE E. JOHNSON, ESQ.
                                                    Attorneys for Defendants

**EXHIBIT A**

1

2

3

4

5

6                 UNITED STATES DISTRICT COURT

7                EASTERN DISTRICT OF CALIFORNIA

8

9 AURORA REGINO,              No.  2:23-cv-00032-JAM-DMC

10          Plaintiff,

11     v.                   **ORDER GRANTING DEFENDANT'S**
                            **MOTION TO DISMISS**

12 SUPERINTENDENT KELLY STALEY,
in her official capacity, et

13 al.,

14          Defendants.

15

16      Chico Unified School District (the "District")

17 Superintendent Kelly Staley ("Defendant") has filed a motion to

18 dismiss Aurora Regino's ("Plaintiff") first amended complaint

19 ("FAC").  See Mot. to Dismiss ("Mot."), ECF No. 50; FAC, ECF

20 No. 42.  Plaintiff has brought the following causes of action

21 under 42 U.S.C. § 1983 against Defendant regarding District

22 Regulation AR 5145.3 (the "Regulation"): (1) facial and as-

23 applied substantive due process; (2) facial and as-applied

24 procedural due process; and (3) facial and as-applied First

25 Amendment familial associations.  See FAC.  Plaintiff alleges

26 that the Regulation results in the District "socially

27 transitioning" students expressing a transgender identity without

28 notifying and obtaining the informed consent of parents, in

                             1

1  violation of her constitutional rights.  FAC ¶¶ 95-96.  Plaintiff

2  opposes the motion to dismiss.  <u>See</u> Opp'n, ECF No. 52.  Defendant

3  replied.  <u>See</u> Reply, ECF No. 54.

4      For the reasons set forth below, the Court GRANTS

5  Defendant's motion.

6          I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

7      In her FAC, Plaintiff alleges that District Regulation

8  AR 5145.3 (the "Regulation") (1) permits school personnel to

9  socially transition students expressing a transgender identity by

10 referring to them by their preferred name and pronouns; and

11 (2) prohibits school personnel from informing a student's parents

12 of this change unless the student expressly authorizes them to do

13 so; there is an exception where disclosure is either (1) required

14 by law or (2) the District has compelling evidence that

15 disclosure is necessary to preserve the student's health.  FAC

16 ¶ 52.  During the 2021-22 school year, Plaintiff's eldest child,

17 A.S., then a student at Sierra View Elementary School, expressed

18 feelings of gender dysphoria to her school counselor, Mandi

19 Robinson, specifically that she identified as a boy.  <u>Id.</u> ¶¶ 55-

20 60.  A.S. also informed Robertson that she did not want Plaintiff

21 to be informed about her transgender identity on the belief that

22 Plaintiff would be upset.  <u>Id.</u> ¶ 64.  After a couple of

23 subsequent counseling sessions, Plaintiff alleges that A.S.'s

24 counselor began socially transitioning A.S. by informing her

25 teachers that she was to be called by her new name and referred

26 to by male pronouns.  <u>Id.</u> ¶¶ 64-66.  School personnel did not

27 disclose these developments to Plaintiff; Plaintiff further

28 alleges that Robinson actively discouraged A.S. from informing

1   Plaintiff and instead advised her to disclose her new identity to

2   other family members before informing Plaintiff.  Id. ¶¶ 69-71.

3   Robinson also did not suggest that A.S. discuss her gender

4   dysphoria with a medical professional.  Id. ¶ 71.

5        On April 8, 2022, A.S. informed her grandmother of her new

6   gender identity.  Id. ¶ 72.  A.S.'s grandmother then informed

7   Plaintiff the same day.  Id.  Plaintiff spent the following

8   months in contact with school district personnel to express her

9   concerns about the Regulation and advocated for the school

10  district to change it.  Id. ¶¶ 78-87.  Plaintiff alleges that

11  district personnel dismissed her concerns and claimed that state

12  law mandated the Regulation.  Id.  A.S. currently does not

13  express feelings of gender dysphoria, identifies as a girl again,

14  and is currently in counseling for depression and anxiety.  Id.

15  ¶ 94.  Plaintiff further alleges that her younger daughter, C.S.,

16  is now exhibiting behaviors that cause Plaintiff to believe that

17  C.S. is likely to express a transgender identity in the future.

18  Id. ¶ 94.

19       On January 6, 2023, Plaintiff filed her complaint against

20  Defendant alleging four causes of action under 42 U.S.C. § 1983:

21  two facial challenges to the Regulation under substantive and

22  procedural due process; and two as-applied challenges to the

23  Policy under substantive and procedural due process.  See Compl.,

24  ECF No. 1. Plaintiff subsequently filed a motion for preliminary

25  injunction ("MPI") seeking to enjoin Defendant and all district

26  employees from: (1) socially transitioning current students

27  without obtaining informed consent from the students' parents or

28  guardians; (2) not obtaining informed consent from the parents or

                                   3

1  guardians of all current students who have previously been

2  socially transitioned or are currently being socially

3  transitioned; (3) socially transitioning Plaintiff's children

4  without her informed consent; and (4) not obtaining Plaintiff's

5  informed consent if her daughters have been socially transitioned

6  in the past or are still being socially transitioned.  See MPI,

7  ECF No. 18.  The Court denied the MPI.  Order, ECF No. 37.

8  Plaintiff next filed her FAC and Defendant filed the instant

9  motion to dismiss the FAC in its entirety. See FAC, Mot.

                    II.   EVIDENTIARY ISSUES

11      A.   Judicial Notice

12      Defendants request the Court take judicial notice of four

13  exhibits.  See Request for Judicial Notice, ECF No. 51.  Exhibit

14  A is the District's Administrative Regulation 5145.3; Exhibit B

15  is the definition of "social transition" as provided by the World

16  Professional Association for Transgender Health Standards of Care

17  for the Health of Transgender and Gender Diverse People, Version

18  8 ("WPATH SOC 8"); Exhibit C is the New Hampshire Superior

19  Court's order in Jane Doe v. Manchester School District, Case No.

20  216-2022CV-00117 (N.H. Superior Court, Hillsborough County,

21  Northern District, Sept. 5, 2022); Exhibit D is the California

22  Department of Education's ("CDE") publication: "Frequently Asked

23  Questions: School Success and Opportunity Act (Assembly Bill

24  1266)."  Id. at 2.  Exhibits A and D constitute government

25  records and are, therefore, proper subjects for judicial notice.

26  Anderson v. Holder, 673 F.3d 1089, 1094 n. 1 (9th Cir. 2012);

27  Daniels-Hall v. National Educ. Ass'n., 629 F.3d 992, 998 (9th

28  Cir. 2010).  Exhibit C constitutes a state court proceeding,

4

1   which is a proper subject for judicial notice.  Trigueros v.

2   Adams, 658 F.3d 983, 987 (9th Cir. 2011).

3        Plaintiff opposes judicial notice of Exhibit C, specifically

4   the definition of "transition," arguing that it is too broad and

5   inapplicable to the instant case, which concerns "social

6   transitioning." Opp'n, ECF No. 53 at 2-3.  Plaintiff further

7   contends that inclusion of the entire WPATH Guidelines should not

8   be permitted because the exhibit is voluminous and is not relied

9   upon in the FAC.  Id. at 2-4.  The Court concurs and finds that

10  Exhibit C is not a proper subject for judicial notice.  However,

11  the Court takes judicial notice that Exhibit C contains a

12  definition of "social transition."

13                      III.   OPINION

14       A.   Legal Standard

15       In considering a motion to dismiss for failure to state a

16  claim upon which relief can be granted under FRCP 12(b)(6), the

17  Court must accept the allegations in the complaint as true and

18  draw all reasonable inferences in favor of the Plaintiff.  Moss

19  v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (citing

20  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  The complaint must

21  possess more than "a formulaic recitation of the elements of a

22  cause of action;" it must contain non-conclusory, factual

23  allegations sufficient "to raise a right to relief above the

24  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S.

25  544, 554 (2007).  The Court may dismiss a complaint as a matter

26  of law for "(1) lack of a cognizable legal theory or

27  (2) insufficient facts under a cognizable legal claim."

28  SmileCare Dental Grp. v. Delta Dental Plan of California, Inc.,

1    88 F.3d 780, 783 (9th Cir. 1996).

2        B.    Analysis

3            1.    Count One: § 1983 Substantive Due Process-Facial

4                 Challenge

5        Defendant argues that Plaintiff's facial challenge to the

6    Regulation under substantive due process must be dismissed on

7    several grounds: (1) Plaintiff has not alleged the deprivation of

8    a federally recognized constitutional right nor conduct that

9    would "shock the conscience" of the Court; (2) Plaintiff cannot

10   establish that there is no set of circumstances in which the

11   Regulation would be valid; and (3) in the absence of a

12   constitutional violation, the Regulation satisfies rational basis

13   review.  Mot. at 11-12, 14-17.  Defendant contends that the

14   parental right to make decisions regarding the care, custody, and

15   control of one's children does not extend to the circumstances of

16   the instant case.  Id. at 11.  Defendant refers to Nguon v. Wolf,

17   where a federal district court found that students have a legally

18   protected privacy interest under the California constitution with

19   respect to information about their sexual orientation.  517 F.

20   Supp. 2d 1177, 1196 (C.D. Cal. 2007); id. at 12.  Defendant also

21   cites a recent Maryland district court's holding that parents do

22   not have a right to be informed of their child's transgender

23   identity by schools.  John & Jane Parents 1 v. Montgomery Cnty.

24   Bd. of Educ., 622 F. Supp. 3d 118, 130 (D. Md. 2022).  Defendant

25   claims that there is no federal right to notice and consent to

26   treatment for parents when their minor children voluntarily seek

27   medical and psychological care, and that Plaintiff cannot

28   establish that the conduct at issue in the instant case "shocks

6

1  the conscience;" the Regulation simply requires that District

2  staff respect the gender identity and privacy wishes of students.

3  Mot. at 14-16.  Furthermore, Defendant argues that there are

4  circumstances where disclosure can lead to harm to students, so

5  the District has a legitimate state interest in protecting

6  students' privacy and creating a "zone of protection" from

7  potential domestic violence.  Id. at 16-17.

8       Plaintiff responds that her substantive parental rights

9  extend to the circumstances of the instant case and that she is

10  not required to provide a careful description of her right to

11  support her substantive causes of action.  Opp'n, ECF No. 52 at

12  3.  Nevertheless, Plaintiff claims that the Regulation violates

13  her substantive due process rights to (1) make medical decisions

14  for her children and (2) make important decisions in the lives of

15  her children that go to the heart of parental decision making.

16  Id. at 3-4.  Plaintiff argues that social transitioning is a

17  significant form of psychological treatment, referring to the

18  Ninth Circuit's opinion in Edmo v. Corizon, Inc., where the Court

19  acknowledged the WPATH Standards of Care's identification of

20  social transitioning as a form of treatment for those suffering

21  from gender dysphoria.  935 F.3d 757, 770 (9th Cir. 2019); Opp'n

22  at 4.  Plaintiff claims that social transitioning can have grave

23  consequences for children, including a higher likelihood that

24  children will seek other gender-affirming care and a lower

25  likelihood that a child will return to their original gender

26  identity.  Id.  Plaintiff argues that children are unable to

27  provide informed consent to such serious psychological treatment,

28  so parental consent is required, comparing the instant case to

7

1  Mann v. Cnty. of San Diego, where the Ninth Circuit held that

2  parental consent was required for physically invasive medical

3  examinations of minors. 907 F.3d 1154, 1162 (9th Cir. 2018);

4  Opp'n at 4.  Plaintiff then likens the instant case to other

5  parental decisions such as (1) child visitation; (2) whether to

6  send a child to private school; (3) the academic subjects that

7  children may be taught; and (4) curfew.  Id. at 4-5.  Plaintiff

8  also refers to a Kansas district court holding in Ricard v. USD

9  475 Geary Cnty., KS Sch. Bd., which stated that parents must be

10  included in any decision regarding what names and pronouns their

11  children are referred to in school to support her claim that the

12  Regulation will result in children suffering from gender

13  dysphoria alone without parental guidance.  No. 522CV04015HLTGEB,

14  2022 WL 1471372, at *8 (D. Kan. May 9, 2022); Opp'n at 5.

15      Having carefully and thoroughly considered the arguments

16  raised by the parties in their briefs and the oral argument on

17  this motion held on June 27, 2023, the Court finds that Plaintiff

18  has failed to allege sufficient facts to support her facial

19  substantive due process claim.  To establish a substantive due

20  process claim under § 1983, a plaintiff must allege that (1) a

21  federal constitutional right was violated and (2) the alleged

22  violation was committed by a person acting under the color of

23  state law such that it shocks the conscience.  Long v. Cnty. of

24  Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006), Brittain v.

25  Hansen, 451 F.3d 982, 991 (9th Cir. 2006).  This Court has held

26  that the threshold requirement for such substantive or procedural

27  due process claims is "plaintiff's showing of a liberty or

28  property interest protected by the Constitution."  Culinary

8

1   Studios, Inc. v. Newsom, 517 F. Supp. 3d 1042, 1067 (E.D. Cal.

2   2021) (citing Wedges/Ledges of California, Inc. v. City of

3   Phoenix, Ariz., 24 F.3d 56, 62 (9th Cir. 1994)).  The Supreme

4   Court requires a "careful description of the asserted liberty

5   interest" that has been violated.  Washington v. Glucksberg, 521

6   U.S. 702, 720 (1997).  The Court has also cautioned against the

7   expansion of substantive due process rights, "lest the liberty

8   protected by the Due Process Clause be subtly transformed into

9   the policy preferences of" the courts.  Id.  Although the "law

10  does not require a case directly on point for a right to be

11  clearly established, existing precedent must have placed the

12  statutory or constitutional question beyond debate."  David v.

13  Kaulukukui, 38 F.4th 792, 800 (9th Cir. 2022).

14       Despite Plaintiff's claims to the contrary, she is

15  advocating for an expansion of her parental substantive due

16  process rights that is not supported by precedent.  Plaintiff has

17  failed to provide any controlling authority that would permit

18  this Court to find that the scope of her substantive parental

19  rights covers the instant case's circumstances.  None of the

20  cases cited by Plaintiff opine on whether the state has an

21  affirmative duty to inform parents of their child's transgender

22  identity nor whether the state must obtain parental consent

23  before referring to a transgender child by their preferred name

24  and pronouns.  Even Plaintiff's reliance on Ricard is misguided

25  as its holding was made in the context of a religious free

26  exercise claim where the plaintiff teacher argued that

27  withholding a student's transgender status from their parents

28  violated plaintiff's religious beliefs; substantive parental

9

1   rights were not at issue before the Ricard court.  Also, while

2   Plaintiff alleges that the Regulation permits social

3   transitioning at school and this constitutes medical treatment,

4   this allegation is conclusory and, thus, insufficient to raise

5   Plaintiff's right to relief under substantive due process above

6   the speculative level.

7       The Court further notes that the sections of the Regulation

8   at issue in the instant case are not proactive, but reactive;

9   District staff are not directed to force students to adopt

10  transgender identities or keep their identities secret from their

11  parents.  Instead, District staff are directed to affirm a

12  student's expressed identity and pronouns and disclose that

13  information only to those the student wishes, with an exception

14  for the student's health.  On the Regulation's face, it is

15  undisputable that the decision to openly express a transgender

16  identity through the use of a different name and pronouns is made

17  by the student, not the District; and Plaintiff has failed to

18  demonstrate that the Court has the authority under substantive

19  due process to direct the District's response to such a decision

20  on the grounds that her parental rights apply.  Federal courts

21  are "courts of limited jurisdiction that have not been vested

22  with open-ended lawmaking powers," so in the absence of an

23  established constitutional right, the legislature is best suited

24  to address Plaintiff's concerns.[1]   Nw. Airlines, Inc. v. Transp.

25  _____

26  [1] The California legislature is currently considering a bill that
    would require school employees to notify a student's parent or
27  guardian when the school becomes aware that the student is
    expressing a transgender identity.  See Cal. Assemb. B. 1314
28  (2023-2024 Reg. Sess.).

1  Workers Union of Am., AFL-CIO, 451 U.S. 77, 95 (1981).

2       As Defendant notes, Plaintiff's FAC and opposition to this

3  motion to dismiss is filled with policy arguments challenging the

4  wisdom of the Regulation.  While reasonable minds may certainly

5  differ as to whether Plaintiff's policy preferences are

6  advisable, this Court is not the venue for this political debate.

7  Reply, ECF No. 54 at 2.  The issue before this Court is not

8  whether it is a good idea for school districts to notify parents

9  of a minor's gender identity and receive consent before using

10  alternative names and pronouns, but whether the United States

11  Constitution mandates such parental authority.  This Court holds

12  that it does not.

13       In the absence of the establishment of a federal

14  constitutional right, the Regulation is subject to rational basis

15  review, so the Regulation need only bear some rational

16  relationship to a legitimate state interest.  Witt v. Dep't of

17  Air Force, 527 F.3d 806, 817 (9th Cir. 2008).  The Court finds

18  that the Defendant has demonstrated a legitimate state interest

19  in creating a zone of protection for transgender students and

20  those questioning their gender identity from adverse hostile

21  reactions, including, but not limited to, domestic abuse and

22  bullying; this is in line with the Regulation's general purpose

23  to combat discrimination and harassment against students.

24  Plaintiff's facial substantive due process challenge thus fails

25  as a matter of law and is dismissed.

26            2.   Count Two: § 1983 Substantive Due Process-As-

27                 Applied Challenge

28       Defendant argues that Plaintiff's as-applied substantive due

11

process claim must be dismissed because Plaintiff has failed to satisfy the underlying constitutional standard, namely that (1) Plaintiff had a federal constitutional right that was violated; and (2) the alleged violation was committed by a person acting under the color of state law such that it shocks the conscience.  Mot. at 17.  Defendant also argues that instruction regarding sexual identity does not infringe upon parental rights because it falls under a school's curriculum.  Id.  Defendant further notes that A.S.'s feelings of gender dysphoria, desire to use a different name and pronouns, and decision to not disclose her transgender identity to Plaintiff were prompted by A.S., not school personnel.  Id. at 17-19.  With respect to disclosure to Plaintiff, Defendant contends that Robertson's suggestion that A.S. disclose her gender identity to other family members first was in line with the Regulation's guidelines and that Robertson did not expressly forbid A.S. from disclosing this information to Plaintiff.  Id. at 19.

Plaintiff does not directly contest Defendant's arguments in her opposition brief and the Court finds that Plaintiff has failed to allege sufficient facts to support her as-applied challenge.  As Defendant notes, the underlying constitutional standard for an as-applied challenge is the same as a facial challenge.  Legal Aid Servs. of Or. v. Legal Servs. Corp., 608 F.3d 1084, 1096 (9th Cir. 2010).  Thus, Plaintiff must establish the requisite elements for a substantive due process claim, namely that: (1) a federal constitutional right was violated and (2) the alleged violation was committed by a person acting under the color of state law such that it shocks the conscience.  Long,

1  442 F.3d at 1185, Brittain, 451 F.3d at 991.  Plaintiff has

2  failed to establish these elements.  Consistent with the Court's

3  ruling in favor of Defendant on count one, the Court finds that

4  Plaintiff's as-applied substantive due process challenge fails as

5  a matter of law and is dismissed.

6        3.   Count Three: § 1983 Procedural Due Process-Facial

7             Challenge

8        Defendant argues that Plaintiff's facial procedural due

9  process claim must be dismissed because Plaintiff has failed to

10  establish that she has been deprived of a protected interest in

11  property or liberty.  Mot. at 20.  Defendant further contends

12  that, even if there was a constitutional violation, Plaintiff has

13  failed to put forth any allegations to suggest that the District

14  enacted the Regulation in a manner prohibited by law.  Id. at 20-

15  21.

16        Plaintiff responds that (1) the Regulation violates her

17  fundamental parental rights and (2) in the alternative, her

18  parental rights are closely related enough to fundamental rights

19  that they should trigger procedural due process protections.

20  Opp'n at 13-14.  With respect to process, Plaintiff claims that

21  the Regulation's adjudicatory framework is procedurally deficient

22  because it does not allow for a thorough investigation into the

23  relevant facts of one's case, notice, and an opportunity to be

24  heard.  Opp'n at 14, FAC ¶ 120.

25        To establish a procedural due process violation under

26  § 1983, a plaintiff must allege: "(1) a deprivation of a

27  constitutionally protected liberty or property interest and (2) a

28  denial of adequate procedural protections."  Culinary Studios,

1   Inc., 517 F. Supp. 3d at 1067 (citing Tutor-Saliba Corp., 452

2   F.3d at 1061).  This Court has held that the threshold

3   requirement for such a claim is "plaintiff's showing of a liberty

4   or property interest protected by the Constitution."  Id. (citing

5   Wedges/Ledges of California, Inc., 24 F.3d at 62).  Although the

6   "law does not require a case directly on point for a right to be

7   clearly established, existing precedent must have placed the

8   statutory or constitutional question beyond debate."  Kaulukukui,

9   38 F.4th at 800.  Consistent with the Court's rulings in favor of

10  Defendant on counts one and two, the Court finds that Plaintiff

11  has failed to allege sufficient facts to establish that her

12  fundamental parental rights extend to the circumstances of the

13  instant case such that she was entitled to procedural due process

14  protections; thus, Plaintiff has not sufficiently alleged that

15  she has been deprived of a constitutionally protected liberty or

16  property interest and her claim must be dismissed.

17              4.   Count Four: § 1983 Procedural Due Process-As-

18                   Applied Challenge

19       Given the Court's ruling on Plaintiff's facial challenge,

20  the Court finds that Plaintiff has failed to allege facts

21  sufficient to support her as-applied procedural due process

22  challenge.  The underlying constitutional standard for an as-

23  applied challenge is the same as a facial challenge.  Legal Aid

24  Servs. of Or., 608 F.3d at 1096 (9th Cir. 2010).  Because

25  Plaintiff has failed to allege sufficient facts to establish that

26  she was deprived of a constitutionally protected liberty or

27  property interest in the instant case, her claim must be

28  dismissed.

                              14

1              5.    Count Five: § 1983 First Amendment-Facial

2                    Challenge

3         Defendant seeks dismissal of Plaintiff's facial challenge

4    alleging a violation of her intimate family relationship with her

5    daughter because the right has not been recognized in the context

6    of the instant case.  Mot. at 21-22.  Defendant argues that the

7    parent-child intimate human relationship has only been recognized

8    in two instances: (1) the right of a parent and child to

9    physically live or congregate together; and (2) where the parent

10   or child suffers retaliation from the state because of the

11   other's conduct.  Hameetman v. City of Chicago, 776 F.2d 636 (7th

12   Cir. 1985), Agostino v. Simpson, 2012 U.S. Dist. LEXIS 207375,

13   *26-27 (S.D.N.Y. Mar. 29, 2012); Mot. at 21.  Defendant claims

14   that the FAC does not allege that the District either physically

15   separated Plaintiff from A.S. or took any actions that could

16   constitute retaliation against Plaintiff or A.S. for their

17   individual conduct; the District simply abided by A.S.'s request

18   to keep her gender identity a secret from Plaintiff in accordance

19   with the Regulation.  Id. at 22.  Thus, Defendant contends that

20   there was no constitutional violation.  Id.

21        Plaintiff responds that the Regulation infringes on her

22   right to family integrity and association, which prohibits

23   unwarranted state interference into family relationships.  Opp'n

24   at 5.  Plaintiff claims that Western parental relationships are

25   deeply shaped by whether a child identifies as a boy or girl; the

26   Regulation's alleged facilitation of social transitioning without

27   parental consent fundamentally alters the "emotional bonds" of

28   that relationship.  Id. at 5-6; Ovando v. City of Los Angeles, 92

                                    15

1   F. Supp. 2d 1011, 1021 (C.D. Cal. 2000); <u>Doe v. Dickenson</u>, 615 F.

2   Supp. 2d 1002, 1014 (D. Ariz. 2009).  Plaintiff claims that the

3   Regulation drives a wedge into the parent-child relationship and

4   denies Plaintiff the "opportunity to counter influences" on her

5   children with which she disagrees.  <u>Arnold v. Bd. of Educ. of</u>

6   <u>Escambia Cnty.</u>, 880 F.2d 305, 313 (11th Cir. 1989).  Plaintiff

7   argues that as a matter of constitutional law she has the right

8   to decide whether the District socially transitions her children,

9   or, in the alternative, she has the right to be provided notice

10  before social transitioning occurs. The Court disagrees.

11      Plaintiff has failed to allege facts sufficient to support

12  her facial First Amendment challenge.  This Court has held that a

13  familial association claim can be brought under either the First

14  or the Fourteenth Amendment and that the standard of proof is the

15  same.  <u>Kaur v. City of Lodi</u>, 263 F. Supp. 3d 947, 973 (E.D. Cal.

16  2017).  To establish a familial association claim, Plaintiff must

17  show that (1) her liberty interest in having her relationship

18  with A.S. be free from unwarranted state interference was

19  violated; and (2) that the violation was committed though

20  official conduct that "shocks the conscience."  <u>Est. of Osuna v.</u>

21  <u>Cnty. of Stanislaus</u>, 392 F. Supp. 3d 1162, 1176 (E.D. Cal. 2019).

22  The Ninth Circuit has also held that recovery for a violation of

23  the right to familial association is generally contingent on the

24  existence of an underlying constitutional violation.  <u>Schwarz v.</u>

25  <u>Lassen Cnty. ex rel. Lassen Cnty. Jail</u>, 628 F. App'x 527, 528

26  (9th Cir. 2016).  However, Plaintiff has again failed to allege a

27  cognizable constitutional violation.  Although the "law does not

28  require a case directly on point for a right to be clearly

16

established, existing precedent must have placed the statutory or constitutional question beyond debate." <u>Kaulukukui</u>, 38 F.4th at 800.  Plaintiff has cited to no controlling authority that suggests that a policy that forbids disclosure of a student's gender identity absent their consent constitutes unwarranted interference in the parent-child relationship.  The cases cited by Plaintiff to support her claim bear no resemblance to the instant case.  The Regulation does not involve: (1) wrongful imprisonment of a parent, <u>Ovando</u>, 92 F. Supp. 2d at 1019; (2) the molestation of a child by a school resource officer, <u>Dickenson</u>, 616 F. Supp. 2d at 1013-14; (3) reputational damage to a parent labelled as a child abuser, <u>Bohn v. Dakota Cnty.</u>, 772 F.2d 1433, 1436 n.4 (8th Cir. 1985); (4) law enforcement officers giving a family false and defamatory information about a parent, <u>Patel v. Searles</u>, 305 F.3d 130, 136-37 (2d Cir. 2002); (5) school officials coercing students into receiving abortions and not informing their parents, <u>Arnold</u>, 880 F.2d at 312-14; or (6) school officials compelling student athletes to take pregnancy tests, <u>Gruenke v. Seip</u>, 225 F.3d 290, 304-07 (3d Cir. 2000).

The Regulation only governs the conduct of District staff with respect to how students wish to be addressed.  Nothing in the Regulation prohibits or discourages students and their parents from associating with each other.  To the contrary, in the context of the instant case, the Regulation refrains from interfering with the established parent-child relationship by allowing students to disclose their gender identity to their parents on their own terms.  Consistent with the Court's rulings

17

in favor of Defendant on counts one through four, the Court finds that Plaintiff has failed to establish that her right to familial association free from unwarranted state interference extends to the circumstances of the instant case or that Plaintiff has suffered an underlying constitutional violation.  In the absence of the non-conclusory, factual allegations necessary to sustain this claim, Plaintiff's claim must be dismissed.

> 6.   Count Six: § 1983 First Amendment-As-Applied
>      Challenge

Given the Court's ruling on Plaintiff's facial challenge, the Court finds that Plaintiff has failed to allege facts sufficient to support her as-applied familial association challenge.  The underlying constitutional standard for an as-applied challenge is the same as a facial challenge.  Legal Aid Servs. of Or., 608 F.3d at 1096 (9th Cir. 2010).  Because Plaintiff has failed to establish that she suffered a constitutional violation in the instant case, her as applied claim must be dismissed.  The Court further notes Plaintiff's concession that her alleged constitutional violation occurred upon A.S.'s initiative, not the District's. Specifically, (1) the District's decision to not disclose A.S.'s gender identity to Plaintiff was at the request of A.S. and (2) A.S. affirmatively provided a name and pronouns that she preferred to be referenced by at school.  FAC ¶¶ 64.

///

///

///

///

18

IV.   ORDER

For the reasons set forth above, the Court GRANTS Defendant's motion to dismiss. In determining whether to grant leave to amend, courts consider several factors: (1) undue delay, (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously permitted; (4) prejudice to the opposing party; and (5) futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962); United States v. Corinthian Colleges, 655 F.3d 984, 995 (9th Cir. 2011).  Futility of amendment can, by itself, justify denial of leave to amend. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  To the extent that the pleadings can be cured by the allegation of additional facts, a plaintiff should be afforded leave to amend. Samano v. LVNV Funding, LLC, No. 1:21-CV-01692-SKO, 2022 WL 2318161, at *2 (E.D. Cal. June 28, 2022)(citing Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 247 (9th Cir. 1990)).  Dismissal of a complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment, such that the underlying facts cannot create a proper subject of relief.  Id. at *4, Breier v. N. Cal. Bowling Proprietors' Ass'n, 316 F.2d 787, 790 (9th Cir. 1963).

In the instant case the Court finds that further amendment would be futile.  Clearly, there are no material facts that are disputed or could be added that would allow Plaintiff to proceed on any of her six claims in the FAC.  Indeed, the parties conceded at oral argument on this motion that this case presents purely legal issues that can be resolved at this stage of the

19

1   proceedings.   Accordingly, all of Plaintiff's claims are

2   DISMISSED WITH PREJUDICE.

3        IT IS SO ORDERED.

4   Dated: July 10, 2023

5

6                                    _____
                                     JOHN A. MENDEZ
7                                    SENIOR UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28